IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OGDEN FIRE COMPANY NO. 1 and | : | CIVIL ACTION |
| SPRINT SPECTRUM, L.P. | : | |
| | : | |
| v. | : | |
| | : | |
| UPPER CHICHESTER TOWNSHIP and | : | |
| ZONING HEARING BOARD OF UPPER | : | |
| CHICHESTER TOWNSHIP | : | NO. 05-1031 |

ORDER-MEMORANDUM

**AND NOW**, this 16th day of January, 2007, upon consideration of Plaintiff's "Motion to Compel Issuance of a Building Permit and for Monetary Sanctions" (Docket No. 55) and all filings submitted in response thereto, **IT IS HEREBY ORDERED** that Defendants shall show cause, on or before January 31, 2007, why an injunction should not be entered requiring Upper Chichester Township to approve a Subdivision and Land Development Application with respect to the leasing of land between Sprint Spectrum, L.P. and Ogden Fire Company No. 1 and to issue a building permit for the building of the 130 foot monopole radio tower and related radio equipment in accordance with the Application for Plan Examination and Building Permit of Sprint Spectrum, L.P. dated August 31, 2006. Plaintiffs may file a response to Defendants' submission on or before February 12, 2007.

    A.    Background

On March 30, 2006, we granted Plaintiffs' Motion for Summary Judgment on their claim that Defendants violated the Telecommunications Act (the "TCA"), specifically 47 U.S.C. §§ 322(c)(7)(B)(i)(I) and 322(c)(7)(B)(iii), by denying Plaintiffs' application to build a radio tower and related equipment on the real property owned by Ogden Fire Company No. 1 ("Ogden") behind Ogden's firehouse. We found that the Zoning Board violated the TCA by unreasonably

discriminating between similarly situated providers and by denying the Ogden/Sprint Application to erect a radio tower as an accessory use to the firehouse and for special exceptions in the absence of substantial evidence in the written record supporting that decision. The United States Court of Appeals for the Third Circuit has recognized that injunctive relief requiring the zoning board to issue the requested special exception and all requisite zoning and building permits is appropriate relief for violation of the subsections of the TCA at issue in this matter. See Omnipoint Corp. v. Zoning Hearing Bd. of Pine Grove Twp., 181 F.3d 403, 410 (3d Cir. 1999) (affirming order of the district court which required the zoning officer of Pine Grove Township to issue the requested special exception and all necessary zoning and building permits after the district court found that the zoning board's decision denying the special exception was not supported by substantial evidence). We accordingly granted the following relief to Plaintiffs:

> Upper Chichester Township and the Zoning Hearing Board of Upper Chichester Township's are hereby **ORDERED** to grant the application of Ogden Fire Company No. 1 and Sprint Spectrum, L.P. to build a 130 foot monopole radio tower and related radio equipment as an accessory use to Ogden's use of its property as a firehouse and to issue to Plaintiffs the requested special exceptions in accordance with Zoning Ordinance §§ 1706 and 303.7. Upper Chichester Township shall issue any and all zoning permits for the proposed tower and supporting structures within 30 days of the date of this Order.

(March 30, 2006 Mem. and Order.)

Plaintiffs filed a Motion for Contempt on May 3, 2006, because Defendants had failed to comply with this Order. On May 7, 2006, the Zoning Hearing Board of Upper Chichester Township granted the requisite special exceptions to Plaintiffs. However, Plaintiffs' application for a building permit in order to build the subject monopole was denied by the Upper Chichester Building Inspector

on the basis that the lease of Ogden's real property to Sprint Spectrum, L.P. ("Sprint"), for the siting of the subject monopole, constitutes the division or allocation of land by means of a leasehold, requiring the approval of a Subdivision and Land Development Application pursuant to the Subdivision and Land Development Ordinance of Upper Chichester Township and Section 107(a) of the Pennsylvania Municipalities Planning Code ("MPC").  Plaintiffs filed the instant Motion to Compel Issuance of a Building Permit and for Monetary Sanctions following the determination of the Building Inspector, and contend that their application for a building permit was denied only to delay Upper Chichester Township's compliance with this Court's injunction.  Defendants maintain that approval of a Subdivision and Land Development Application is necessary in this case because the Lease Agreement between Sprint and Ogden would result in a subdivision or allocation of Ogden's land pursuant to Pennsylvania law.

      B.      <u>Discussion</u>

Pursuant to the Lease Agreement entered into between Sprint and Ogden, rather than simply assign to Sprint a position on a monopole built by Ogden on its own land, Ogden has leased 2500 square feet of its real property located at 4300 Naamans Creek Road in the City of Boothwyn, Township of Upper Chichester, Delaware County, as specifically described on Exhibit 1 to the Lease Agreement.  The Lease Agreement states that Ogden leased the land to Sprint for the purpose of constructing, operating and maintaining the monopole and related equipment, and for the transmission and reception of communications signals.  In interpreting similar provisions, the Pennsylvania Commonwealth Court has consistently held that leases which allocate land, as opposed to assigning positions on a pole or tower, constitute a subdivision or allocation of land in accordance with Section 107(a) of the MPC.  See <u>Upper Southampton Township v. Upper Southampton</u>

Township Zoning Hearing Board, 885 A.2d 85, 92 (Pa. Commw. Ct. 2005), appeal granted 895 A.2d 1265 (Pa. 2006) ("Because the leases allocate land and space, as opposed to assigning a position on a pole or a tower, they propose a land development within the meaning of the Zoning Ordinance and the MPC."). We conclude, pursuant to the teaching of the Commonwealth Court, that the Lease Agreement establishes a subdivision or allocation of land subject to Upper Chichester Township's Subdivision and Land Development Ordinance and Section 107(a) of the MPC. The fact that Ogden also intends to use the monopole for the transmission and reception of communications signals does not defeat the proposition that Ogden's property is being subdivided. Id.

There is, however, nothing presently on the record before this Court which would support denial of a Subdivision and Land Development Application, or, for that matter, of Sprint's building permit application. One of the goals of the TCA is to provide full relief to aggrieved parties in an expedited manner. See 47 U.S.C. § 332(c)(7)(B)(v) (stating that the courts shall hear and decide actions brought under the cellular subsection of the TCA "on an expedited basis"); see also Omnipoint Corp. v. Zoning Hearing Bd. of Pine Grove, 20 F. Supp. 2d 875, 881 (E.D. Pa. 1998), aff'd, 181 F.3d 403, 410 (3d Cir. 1999) (determining that remanding to the zoning board which denied an application for a special exception in violation of the cellular siting subsection of the TCA "would frustrate the TCA's intent to provide aggrieved parties full relief on an expedited basis") (citation omitted). Accordingly, we determine that a remand of this matter to Defendants for the consideration of a Subdivision and Land Development Application and Sprint's building permit application would frustrate the intent of the TCA. Defendants are, accordingly, required to show cause, in this Court, on or before January 31, 2007, why an injunction should not be entered requiring Upper Chichester Township to approve a Subdivision and Land Development Application

with respect to the lease of land by Ogden to Sprint and to issue a building permit for the building of the 130 foot monopole radio tower and related radio equipment in accordance with the Application for Plan Examination and Building Permit of Sprint Spectrum, L.P. dated August 31, 2006.

                                        BY THE COURT:

                                      /s/ John R. Padova
                                      _____
                                      John R. Padova, J.